UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVE REJALI,<br><br>  Plaintiff,<br><br>  v.<br><br>ANTHONY J. BLINKEN, et al.,<br><br>  Defendants. | Civil Action No. 22-2066 (JDB) |

**ORDER**

Before the Court is defendants' motion to dismiss this action without prejudice. See Mot. to Dismiss & Mem. in Supp. Thereof [ECF No. 10] ("Mot. to Dismiss"). On July 13, 2022, plaintiff Steve Rejali filed a petition for writ of mandamus compelling defendants to adjudicate his visa application. See Pet. for Writ of Mandamus & Compl. for Injunctive Relief [ECF No. 1]. On September 6, 2022, Rejali's counsel filed service returns representing that service was effected on defendants on August 15, 2022. See Return of Service Affs. [ECF No. 6]. On November 14, 2022, Rejali's counsel filed a notice stating that the filed return of service affidavits are fraudulent and that the tracking information therein had been "doctored." Notice of Filing Errata Regarding Insufficient Service [ECF No. 9] at 1. Two days later, defendants filed the present motion to dismiss, arguing Rejali had failed to properly serve defendants within the timeframe mandated by Federal Rule of Civil Procedure 4(m)—90 days from the date the complaint was filed. Since that time, Rejali has yet to file a response or attempt service on defendants again.

Rejali's counsel also served as plaintiff's counsel in four other cases in this District in which service returns were falsified—Jahandar v. Blinken, Civ. A. No. 22-1225 (CKK) (D.D.C. filed May 3, 2022), Dezfuli v. Blinken, Civ. A. No. 22-2130 (CRC) (D.D.C. filed July 20, 2022), Zare v. Blinken, Civ. A. No. 22-2355 (CRC) (D.D.C. filed Aug. 9, 2022), and Gholizadeh v.

Blinken, Civ. A. No. 22-2369 (TNM) (D.D.C. filed Aug, 10, 2022).  See Mot. to Dismiss at 1–2. Each case has been dismissed for various reasons associated with the fraudulent service.  See Order, Jahandar, Civ. A. No. 22-1225 (CKK) (D.D.C. Dec. 16, 2022), ECF No. 15 (dismissing case because plaintiff did not timely respond to defendants' motion to dismiss alleging fraudulent service); Min. Order, Dezfuli, Civ. A. No. 22-2130 (CRC) (D.D.C. Dec. 15, 2022) (dismissing case because plaintiff did not timely respond to defendants' motion to dismiss for insufficient service after plaintiff's counsel admitted that service was fraudulent); Order, Gholizadeh, Civ. A. No. 22-2369 (TNM) (D.D.C. Dec. 2, 2022), ECF No. 8 (same); Notice of Voluntary Dismissal, Zare, Civ. A. No. 22-2355 (CRC) (D.D.C. Nov. 28, 2022), ECF No. 8 (plaintiff voluntarily dismissed the case after defendants filed a motion to dismiss for insufficient service based on plaintiff's counsel's admission that service was fraudulent).

      Local Civil Rule 7(b) provides that after a party files a motion, "[w]ithin 14 days of the date of service . . . , an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion.  If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded."  Thus, when a party fails to file a timely response to a motion, he is "deemed to have waived" his opposition.  See, e.g., Weil v. Seltzer, 873 F.2d 1453, 1459 (D.C. Cir. 1989).

      Here, Rejali has not responded (or requested an extension of time to respond) to defendants' motion to dismiss filed nearly two months ago.  Moreover, he has not properly served defendants within the 90-day window mandated by Federal Rule of Civil Procedure Rule 4(m). He has also not attempted to show good cause for failure of service nor requested an extension of time to serve defendants.  Thus, the Court will dismiss this action without prejudice.

\* \* \*

For the foregoing reasons, and upon consideration of the entire record herein, it is hereby

**ORDERED** that defendants' [10] motion to dismiss is **GRANTED**; and it is further

**ORDERED** that this case is **DISMISSED** without prejudice.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: January 10, 2023